## MORSE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 12, 1909.)

CRIMINAL LAW (§ 1132*)—APPEAL AND ERROR—PROCEDURE.

    The hearing on a writ of error in a criminal case expedited by dispensing with the printing of the record and briefs, where serious objection was made to the enlargement of the defendant on bail.

    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1132.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

On Motion of Defendant to be Admitted to Bail

See, also, 161 Fed. 429.

Martin W. Littleton, for the motion.

Henry L. Stimson, U. S. Atty., opposed.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. We have considered the defendant's application for bail in all its aspects, not overlooking the petitions which have been signed by many prominent citizens on his behalf.

The question presented is a perplexing one. On the one side it is urged that the defendant's affairs are in a condition which demands his personal attention at various places in this city, and, on the other, the District Attorney strenuously urges that if admitted to bail the de-

fendant will not be present should the judgment of conviction be affirmed. In support of this view, our attention has been called to several instances in this and other circuits where under similar conditions the defendants, enlarged on bail, have fled the jurisdiction of the court. In these circumstances our sole anxiety is so to act that the rights of neither party may be jeopardized. We think this may be done by providing for a speedy hearing of the appeal, even though other litigants and the court may be inconvenienced thereby.

At the argument both counsel stated that they would be ready to argue the cause as soon as the record and briefs were printed. In order to prevent any delay on this score, we will consent to hear the cause on the typewritten record now on file, and, if necessary, on typewritten briefs, or on oral arguments alone. We will assign the cause for argument at the present session, giving it preference over all other cases, on any day upon which counsel may agree. If, however, counsel prefer, we will set the argument for the first day of the March session. By this arrangement, if counsel so desire, the case may be presented to the court within two weeks.

In the meantime every facility should, as in the past, be extended to the defendant to consult with those having business with him, and, upon proof that it is necessary for him to be present at meetings at other places in the city, arrangement can be made for his attending there in the custody of the marshal.